UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALA R. CHINOY,<br>    Plaintiff | :<br>:<br>: |
| vs. | : CIVIL NO. 11-CV-01263<br>: |
| THE PENNSYLVANIA STATE<br>UNIVERSITY, BOARD OF<br>TRUSTEES OF THE PENNSYLVANIA<br>STATE UNIVERSITY, PENN STATE<br>COLLEGE OF MEDICINE a/k/a<br>MILTON S. HERSHEY MEDICAL<br>CENTER COLLEGE OF MEDICINE,<br>WILEY SOUBA, PETER DILLON, R.<br>KEVIN GRIGSBY, AND ROBERT<br>CILLEY,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

I.  *Introduction*

We are considering the defendants' motion to dismiss.  Plaintiff, Mala R. Chinoy, filed this lawsuit alleging that her termination from employment as a professor at the Penn State College of Medicine was illegally based on her race, color, ethnicity, ancestry, religion, and gender.  She also complains of discriminatory actions while she was employed.

The institutional defendants are: The Pennsylvania State University (Penn State), a state-related educational institution; the Penn State Board of Trustees (the Board); and the Penn State College of Medicine (the Medical School), a state educational institution related to Penn State and Plaintiff's direct employer.  The individual defendants

are: Wiley Souba, Chair of the Department of Surgery at the Medical School and Plaintiff's direct supervisor; Peter Dillon, Interim Chair of the Department of Surgery at the Medical School and Plaintiff's direct supervisor; R. Kevin Grigsby, Vice Dean for Faculty and Administrative Affairs at the Medical School; and Robert Cilley, Division Chief in the Department of Surgery at the Medical School and Plaintiff's direct supervisor.

Plaintiff started this action by filing her original complaint on July 6, 2011. Plaintiff's amended complaint has six causes of action.  In Count I, Plaintiff sets forth a claim under 42 U.S.C. § 1983, alleging that all the defendants violated several of her constitutional rights, including her right to due process when they failed to renew her employment contract.  In Count II, she makes a claim against the institutional defendants for violations of Title VII.  In Count III, she makes a claim against the institutional defendants under the Equal Pay Act, 29 U.S.C. § 206(d).  In Count IV, Plaintiff makes a claim against all the defendants under the Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. Ann. §§ 951-963 (West 2009).  In Count V, Plaintiff makes a claim under Title IX, 20 U.S.C. § 1681(a), against the institutional defendants.  Finally, in Count VI, Plaintiff makes a state-law claim for tortious interference with contractual relations against the individual defendants Sourba, Dillon, and Grigsby.

Defendants' motion to dismiss, filed under Fed. R. Civ. P. 12(b)(6), makes the following arguments.  First, Claim I (the section 1983 claim) and Claim IV (the PHRA claim) should be dismissed as against the individual defendants in their official capacities because official-capacity suits are really suits against the institutional entity, and the Penn

State institutional entities have already been named in these counts. Second, the Board should be dismissed as a defendant because it is redundant of naming Penn State as a defendant. Third, the due-process claims in Count I should be dismissed for failure to state a claim upon which relief may be granted. Finally, Defendants assert that Counts I through V should be dismissed to the extent they are based on events that are barred under the statute of limitations applicable to that count.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). The court is not limited to evaluating the complaint alone. It may consider documents that form the basis of a claim. *Lum v. Bank of America,* 361 F.3d 217, 221 n.3 (3d Cir. 2004).

With this standard in mind, we set forth the background to this litigation, as Plaintiff alleges it.

II. *Background*

In pertinent part, the amended complaint alleges as follows. A naturalized citizen of the United States, Plaintiff is an Asian female born in India who practices the Hindu religion. (Doc. 12, Am. Compl. ¶ 14). Plaintiff has a Ph.D. and an M.B.A. (*Id.* ¶ 15).

In 1993, she began working for the institutional defendants as a professor in the Medical School's department of surgery. In 1997-98, she "was promoted to associate professor but forever denied the opportunity to apply for tenure and otherwise overlooked for tenure." (*Id.* ¶ 20). "Beginning [in] 2004, Defendants refused to increase the plaintiff's annual salary denying her pay increases given to White Christian males." (*Id.* ¶ 21). "On or about November 26, 2006, Plaintiff reported disparate treatment" to defendant Dillon "and she opposed being paid less than male counterparts." (*Id.* ¶ 29). Defendant Grigsby responded that "she should be given a pay cut instead of a pay raise." (*Id.*).

On "September 30, 2007, Defendants refused to renew the plaintiff's contract and discontinued financial compensation for the plaintiff's services, thereafter utilizing her skills, expertise, scholarly contributions and connections without remuneration until she was fully and finally separated December 2009 from employment and all association with The Pennsylvania State University and Penn State College of Medicine." (*Id.* ¶ 31). Defendant Grigsby falsely told "prospective employers" that the plaintiff had voluntarily resigned from her employment . . . [thereby] interfer[ing] with prospective employment contracts for Plaintiff . . . ." (*Id.* ¶ 32). He also falsely told prospective employers Plaintiff "was not a good team player." (*Id.* ¶ 34). Plaintiff alleges she was treated "differently and disparately because of her race, religion, color, ethnicity, ancestry and sex." (*Id.* ¶ 17).[1]

---

[1] Plaintiff also alleges a hostile work environment claim involving defendant Cilley which is not challenged by the current motion.

*III. Discussion*

> A. *Counts I and IV Will Be Dismissed As Against the Individual Defendants in Their Official Capacities*

Defendants move to dismiss Counts I and IV (brought under section 1983 and the PHRA, respectively) as against the individual defendants in their official capacities.[2] A suit against an individual in his official capacity is actually one against the governmental entity employing him (here, the institutional Penn State entities by virtue of their relationship to Pennsylvania). *See Kohn v. Sch. Dist. of Harrisburg*, __ F. Supp. 2d __, __, 2011 WL 4402121, at *18 (M.D. Pa. 2011)(Caldwell, J.)("official capacity suits against individual defendants are really against the employing governmental entity")(citing *Bittner v. Snyder County*, 345 F. App'x 790, 792 (3d Cir. 2009)(nonprecedential)). Defendants thus contend a suit against the individual defendants is unnecessary since the institutional entities are already parties. *See Stacey v. City of Hermitage*, 178 F. App'x 94, 100 (3d Cir. 2006)(nonprecedential)("The City defendants correctly argue that any claims against the individual City defendants in their official capacities should be dismissed because these claims are treated as claims against the City itself."). Defendants emphasize that they are not seeking dismissal against the individual defendants in their personal capacities.

---

[2] We note that the amended complaint is silent as to how the individual defendants are being sued, either in their personal or official capacities.

Plaintiff opposes this argument but seems to do so on the belief that dismissing official-capacity claims against the individual defendants would mean that the individual defendants would escape all liability on Counts I and IV.  This is not the case.  As Defendants concede, the individual defendants would remain liable on these claims in their personal capacities.  We will therefore dismiss Counts I and IV as against the individual defendants in their official capacities only, as such suits are really against the institutional entities, and those entities have been named as defendants in Counts I and IV.

> B. *The Board of Trustees Will Be Dismissed As Penn State Has Been Named As a Party*

Defendants move to dismiss the Board from Counts I through V, the counts in which the Board has been named as a defendant, because Penn State has been named as a defendant in those counts and naming the Board is redundant.

In opposition, Plaintiff maintains that the Board is a proper defendant on all the claims, satisfying the relevant statutory requirements to be a defendant in Counts I through V.

We agree with Defendants' position that the Board is a redundant party. *Spradlin v. Borough of Danville*, No. 02-2237, 2005 WL 3320788, at *1 (M.D. Pa. Dec. 7, 2005)("Because the Borough itself as a named defendant would ultimately be liable for any judgment entered against the Borough Council, the Council is a redundant party to the case.")(citing *Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 423, 431

(E.D. Pa. 1998)).  The issue is not, as Plaintiff argues, whether the Board can be a proper defendant on the claims, but whether it is a necessary defendant, given that Plaintiff has also sued Penn State.  We will therefore dismiss the Board from the case.

### C.  *Plaintiff Fails to State Due Process Claims Arising From the Termination of Her Employment*

Count I of Plaintiff's amended complaint alleges that Defendants' conduct violated her right to due process under the Fourteenth Amendment.  (Doc. 12, Am. Compl. ¶ 66).  The relevant conduct appears to be terminating her employment and allegedly interfering with future employment by defaming her.  (*Id.* ¶¶ 61 and 62).  Plaintiff alleges she had a property right in her employment (*id.* ¶ 60), and a liberty interest as well.  (*Id.* ¶ 66).

To state a claim for deprivation of procedural due process,[3] a plaintiff must allege that "(1) [she] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to [her] did not provide due process of law." *Iles v. deJongh,* 638 F.3d 169, 173 (3d Cir. 2011)(internal quotation marks and quoted cases omitted).

#### 1.  *Property Interest*

A person can have a property interest in a government job if she has a legitimate entitlement to it, not just a unilateral expectation of continued employment.

---

[3]   Plaintiff makes no argument that she is also making a substantive due-process claim.

*Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.,* 574 F.3d 214, 219 (3d Cir. 2009). Such a legitimate entitlement can be established by tenure. *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1399 (3d Cir. 1991), or by an employment contract allowing termination only for cause. *Dee v. Borough of Dunmore*, 549 F.3d 225, 231 (3d Cir. 2008). An employment contract by itself is not sufficient. *Unger*, 928 F.2d at 1397-98.

In moving to dismiss the due-process claim based on a property interest in her job, Defendants argue that Plaintiff fails to allege facts indicating that she had a legitimate entitlement to her job. They note that she admits she did not have tenure and that she does not allege Penn State was limited in some other way in ending her employment.

In opposition, Plaintiff relies on two employment contracts she attaches as Exhibit D to her opposition brief. The first one, dated September 28, 2007, is really a letter to Plaintiff from defendant Grigsby, indicating that she had been appointed a professor at the Medical School, effective October 1, 2007. (Doc. 19-9, CM/ECF p. 2).[4] The other, dated August 6, 2008, is a letter-agreement, sent to Plaintiff by Grigsby, that Plaintiff was expected to sign as an indication of her acceptance of its terms. The letter-agreement indicates that Plaintiff would be an adjunct professor at the Medical School for one year, from July 1, 2008, through June 30, 2009. It also indicated that the

---

[4] We refer to the page numbers assigned by the Case Management/Electronic Case Files (CM/ECF) system.

appointment would be "reconsidered in June 2009, depending upon [Plaintiff's] performance in [her] teaching duties." (*Id.*, CM/ECF p. 3).[5]

Based on the foregoing letters, Plaintiff argues she had a property interest in her job as "a contracted employee." (Doc. 19-1, Opp'n Br. at p. 14). More specifically, she asserts that the language of the August 6 letter, stating that her appointment would be reconsidered depending upon her performance, created "an expectation of future employment" protected as a property interest. (*Id.*).

We disagree. As noted, the mere existence of a written employment contract is not enough to create a property interest. There has to be a contract allowing termination only for cause, and neither one of the letter-agreements has such a provision. The provision in the August 8 letter-agreement contemplating reconsideration of Plaintiff's appointment based on her performance created, at most, a unilateral expectation of continued employment.

We also note that the one-year term of employment created in this agreement expired on June 30, 2009, and Plaintiff makes no argument that it was renewed for any additional term. Plaintiff thus appears to have been an at-will employee in December 2009, when she finally separated from Penn State. An at-will employee does not have a property interest "in the job sufficient to trigger due process concerns."

---

[5] In their reply brief, Defendants correctly question whether we can consider these letters on the motion to dismiss since they were not attached to the amended complaint nor did Plaintiff make allegations about them in the complaint. However, as also noted by Defendants, the documents do not establish a property interest. In these circumstances, and since Defendants do not object to their consideration now despite the procedural irregularity, we will consider the documents on the motion to dismiss.

*Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005). Plaintiff has failed to assert a valid due process claim based on a property interest.

### 2. *Liberty Interest*

Plaintiff claims she was deprived of a liberty interest in her reputation when Defendants publicized the falsehoods that she had voluntarily resigned from her employment and that she was not a team player.

"[R]eputation *alone* is not an interest protected by the due process clause" of the Fourteenth Amendment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)(quoted case and internal quotation marks omitted)(emphasis added in *Hill*). Instead, the Due Process Clause . . . protects a liberty interest in reputation only when the plaintiff shows a "stigma" to reputation "*plus* deprivation of some additional right or interest." *Id.* Under this "stigma-plus" test, when a public employer "'creates and disseminates a false and defamatory impression about the employee in connection with his termination,'" due process applies and the employee is entitled to a "name-clearing hearing." *Id.* (quoted case omitted). The "stigma" is the "creation and dissemination of a false and defamatory impression," and "the termination is the 'plus.'" *Id.*

In moving to dismiss this due-process claim, Defendants argue that the alleged statements do not satisfy the stigma part of this analysis because they go only to her professional competence, which is not enough. They cite in support *Kohn*, *supra*, and *Poteat v. Harrisburg Sch. Dist.*, 33 F. Supp. 2d 384 (M.D. Pa. 1999)(Caldwell, J.). We agree. *See Kohn*, __ F. Supp. 2d at __, 2011 WL at 4402121, at *7 (statements that

questioned the plaintiff's competency and job performance are insufficient to satisfy the stigma part of the stigma-plus test); *Poteat*, 33 F. Supp. 2d at 393 ("Charges of incompetence do not implicate the liberty interest a public employee has in the manner of discharge")(cited cases omitted); *see also Mercer v. City of Cedar Rapids*, 308 F.3d 840, 845-46 (8th Cir. 2002); *Brown v. Montgomery County*, No. 08-4259, 2011 WL 1234856, at *3 (E.D. Pa. Mar. 31, 2011)(description of employee conduct as "malfeasance" was not stigmatizing)(citing *Mercer*).

Having concluded that Plaintiff's due process claim lacks merit either based on a liberty interest or a property interest, we will dismiss the due-process claim in its entirety.

### D. *A Portion of Some of Plaintiff's Claims Are Barred by the Statute of Limitations Applicable to that Claim*

Plaintiff complains that Defendants denied her the opportunity for tenure in 1997-98, refused her an increase in her annual salary beginning in 2004, refused to renew her contract and discontinued financial compensation for her services on September 30, 2007, and eventually separated her from employment and all association with Penn State and the Medical School in December 2009.

On the basis of the statute of limitations applicable to each count in the amended complaint, Defendants move for partial dismissal of each count to the extent that the count is based on discrete acts that are time-barred by the relevant statute of limitations. Defendants argue that denial of tenure, periodic payment of a salary, refusal

11

to renew a contract, discontinuance of financial compensation and termination of employment are discrete acts that begin the running of the relevant statute of limitations when they occur. We agree. See *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006)(failure to promote and termination are discrete acts that start the running of the statute of limitations from when the act occurs); *Mikula v. Allegheny Cnty.*, 583 F.3d 181, 186 (3d Cir. 2009)(paychecks are discrete acts that start the running of the statute of limitations for a Title VI claim).[6]

We deal with each count separately as there are different statutes of limitations applicable to each count. Our analysis covers only claims based on discrete acts. Defendants do not challenge as untimely Plaintiff's hostile work environment claim.

### 1. *Count II: Title VII Claim*

Plaintiff dual-filed her administrative complaint with the EEOC and the Pennsylvania Human Relations Commission in July 2007. (Doc. 12, Am. Compl. ¶ 30). In Pennsylvania, the statute of limitations for filing a Title VII discrimination claim with the EEOC is 300 days from the date of the challenged action. *See Noel v. Boeing Co.*, 622 F.3d 266, 270 (3d Cir. 2010).

---

[6] Under the continuing-violations theory, Plaintiff argues that she may recover for all discriminatory acts occurring from 1993, when she began employment. We disagree. *See O'Connor*, 440 F.3d at 127 (conduct that constitutes several discrete acts cannot be aggregated under the continuing-violations theory). Plaintiff also asserts that, even if claims are time-barred for some discrete acts, those acts should be subject to discovery. Our rulings on the limitations issues have no bearing on discovery.

Based on this limitations period, Defendants move to dismiss the Title VII claim to the extent Plaintiff seeks recovery for discrete acts occurring before September 1, 2006, which is more than 300 days before July 1, 2007. We will grant the motion.

2. *Count IV: the PHRA Claim*

The statute of limitations for filing a PHRA claim with the Pennsylvania Human Relations Commission is 180 days from the date of the challenged action. 43 Pa. Stat. Ann. § 959(h)(West 2009); *see also Bartos v. MHM Corr. Services, Inc.*, __ F. App'x __, __, 2011 WL 6065012, at *3 (3d Cir. 2011)(nonprecedential). Defendants thus move to dismiss the PHRA claim to the extent Plaintiff seeks recovery for discrete acts occurring before January 1, 2007, which is more than 180 days before July 1, 2007. We will grant the motion.

3. *Count I (the Section 1983 Claim), Count V (the Title IX Claim), and Count VI (tortious interference with contractual relations)*

Claims under section 1983, Title IX, and under Pennsylvania law for tortious interference with contractual relations are all subject to a two-year statute of limitations. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 77-78 (3d. Cir. 1989)(section 1983 and Title IX); *GCB Occupational Therapy, Inc. V. RHA Health Services, Inc.*, 357 F.3d 375, 383 (3d Cir. 2004)(tortious interference with contractual relations).

Defendants thus move to dismiss the section 1983 and Title IX claims to the extent Plaintiff seeks recovery for discrete acts occurring before July 6, 2009, more than

13

two years before this action was filed on July 6, 2011. We will grant the motion as to the Title IX claim but only partially as to the section 1983 claim.

We can grant the motion as to the Title IX claim because the discrete acts covered by Title IX would be actionable when they occurred. *See Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006)(refusing to apply the continuing violations theory to save a Title IX claim based on a discrete act occurring outside the limitations period for bringing the Title IX claim); *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004)(same).

We cannot say the same for the section 1983 claim. In Count I, Plaintiff asserts a section 1983 claim based on retaliation for the exercise of her religion. (Doc. 12, Am. Compl. ¶ 62). Among the injuries she allegedly suffered were a loss of prospective research grants and of prospective employment agreements. (*Id.* ¶¶ 62, 85 and 86). We do not know from the amended complaint when these injuries were suffered, and the statute of limitations would not begun to run until she suffered those injuries. *Kach v. Hose*, 589 F.3d 626, 634-35 (3d Cir. 2009). We will therefore grant the motion on the section 1983 claim only as to discrete acts occurring before July 6, 2009, but not as to the retaliation claim and discrete acts upon which that claim is based.

Defendants have also moved to dismiss the state-law claim for tortious interference with contractual relations, asserting that this claim should also be barred if based on their discrete acts occurring more than two years before the action was filed. However, just as with the section 1983 claim, this cause of action is also based on lost

research grants and prospective employment agreements, (doc. 12, Am. Compl. ¶¶ 85 and 86), and the timeliness of this claim also depends on when these injuries occurred. *GCB Occupational Therapy, supra,* 357 F.3d at 384. We will therefore deny the motion in regard to the claim for tortious interference with contractual relations.

### 4. *Count III: The Equal Pay Act Claim*

The Equal Pay Act claim, 29 U.S.C. § 206(d), has a split statute of limitations, normally two years, but extended to three years in the case of a "willful violation." 29 U.S.C. § 255(a). For the purpose of the motion to dismiss, Defendants move to dismiss the Equal Pay Act claim to the extent Plaintiff seeks recovery based on discrete acts (her paychecks) occurring before July 6, 2008, more than three years before this action was filed on July 6, 2011. Plaintiff counters that equitable tolling should apply to this claim, permitting recovery beginning November 2006 when she first complained of unequal pay and Defendants failed to correct it.

In part, equitable tolling applies when the defendant has "actively misled" the plaintiff. *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007). Plaintiff thus cannot rely on equitable tolling when she does not assert any affirmative conduct by Defendants that misled her. Their failure to act on her complaints is not enough. Plaintiff cites *Schengrund v. Pennsylvania State Univ.*, 705 F. Supp. 2d 425 (M.D. Pa. 2009), but that case is distinguishable. In *Schengrund*, the court applied equitable tolling because the defendant employer had made an affirmative statement, that a longevity correction

would be made with respect to their unequal pay. *Id.* at 437. As noted, no such affirmative conduct has been alleged here.[7]

Because each paycheck is a discrete act under federal law, we will grant Defendants' motion and dismiss the Equal Pay Act claim for wages paid before July 6, 2008.

We will issue an appropriate order.

                                                  /s/William W. Caldwell
                                                  William W. Caldwell
                                                  United States District Judge

Date: March 6, 2012

---

[7] In fact, Plaintiff alleges the exact opposite of a misleading statement. In her amended complaint, she alleges that on November 20, 2006, when she complained of discriminatory wages, defendant Grigsby responded that she should "be given a pay cut instead of a raise." (Doc. 12, ¶ 29).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALA R. CHINOY,  :<br>    Plaintiff  :<br>    :<br>    vs.  :<br>    :<br>THE PENNSYLVANIA STATE  :<br>UNIVERSITY, BOARD OF  :<br>TRUSTEES OF THE PENNSYLVANIA  :<br>STATE UNIVERSITY, PENN STATE  :<br>COLLEGE OF MEDICINE a/k/a  :<br>MILTON S. HERSHEY MEDICAL  :<br>CENTER COLLEGE OF MEDICINE,  :<br>WILEY SOUBA, PETER DILLON, R.  :<br>KEVIN GRIGSBY, AND ROBERT  :<br>CILLEY,  :<br>    Defendants  :<br>    : | CIVIL NO. 11-CV-01263 |

*O R D E R*

AND NOW, this day of 6th day of March, 2012, upon consideration of Defendants' partial motion (Doc. 12) to dismiss the amended complaint, it is ordered that:

    1. Counts I and IV are dismissed as against the individual defendants, Wiley Souba, Peter Dillon, R. Kevin Grigsby, and Robert Cilley, in their official capacities only.  The individual defendants remain as defendants in these counts in their personal capacities.

    2. The defendant, Board of Trustees of the Pennsylvania State University, is dismissed from this action.

    3. The due-process claims in Count I based on termination of Plaintiff's employment are hereby dismissed for failure to state a claim.

   4. All claims asserted under Title VII in Count II based on discrete acts taken by Defendants before September 1, 2006, are dismissed.

   5. All claims asserted under the PHRA in Count IV based on discrete acts taken by Defendants before January 1, 2007, are dismissed.

   6. All claims asserted under Title IX in Count I based on discrete acts taken by Defendants before July 6, 2009, are dismissed.

   7. All claims asserted under 42 U.S.C. § 1983 in Count I based on discrete acts taken by Defendants before July 6, 2009, are dismissed except for the retaliation claim based on the free exercise of religion.

   8. All claims asserted under the Equal Pay Act in Count III based on discrete acts taken by Defendants before July 6, 2008, are dismissed.

   9. In all other respects, the motion is denied.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge